# IN THE UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

| | | |
|---|---|---|
| **In the Matter of**: | } | |
| | } | Case No. 08-32082 |
| Michael B. Irvin | } | |
| Melissa F. Irvin | } | Chapter 13 |
| | } | |
| **Debtor(s)** | } | |

## OBJECTION TO TRUSTEE'S MOTION TO MODIFY

COMES now the debtor(s) and objects to the Trustee's Motion to Modify based upon the following:

1. The debtor(s) filed this case on October 7, 2008.

2. Since the filing of the Chapter 13 case, the debtor(s) has been injured on the job, which may give rise to a workers compensation action.

3. As of this date the Debtor's workers compensation action has not been placed in a settlement posture. The Debtor is unaware as to whether the debtor will win an action, receive a lump sum settlement and/or an award of weekly benefits.

4. At the present time, if the debtor receives weekly benefits as provided in the Workers Compensation statute, there may or may not be a matter that would justify modification of the plan, as the issue may well be one of disposable income. There is no need to claim exemptions, if this is a disposable income matter as there will be nothing to claim as exempt.

5. At the present time, if the debtor receives a lump sum settlement the matter may be totally exempt from attachment, although a disposable income issue may be raised. In all likelihood if there is a disposition of the action which will result

in the debtor's income being reduced to 2/3's of his regular income basis, a downward modification of the plan may well be in order.

6. At the present time, there is no lump sum to be awarded that would give rise to a claim of exemptions, but the debtor will claim the funds as exempt should the situation arise. Should the action go to trial, the Circuit Judge cannot enter a lump sum award of damages, unless the parties agree to reduce the settlement to a lump sum present day value and/or should the employer default in payments by thirty (30) days. The Trustees motion to modify is premature and is based upon speculation as to possible outcomes of a workers compensation complaint. The attorney for the debtor, filing the workers compensation action will be required to report the possible settlement of the action to the Court and the Court can issue a determination of whether there is an asset matter, which would be exempt, or a disposable income matter at the time of resolution of the workers compensation action.

Wherefore, premises considered, the debtor(s) object to the modification of this action at this time.

Respectfully submitted this the 25 day of March, 2010.

/s/ Vonda S. McLeod ASB-5507-D65-V
*Attorney for Debtor*:
Vonda S. McLeod ASB-5507-D65-V
Shinbaum, McLeod & Campbell, P.C.
566 South Perry Street
Post Office Box 201
Montgomery, AL 36101-0201
334-269-4440

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above foregoing motion on all parties listed

Case 08-32082    Doc 42    Filed 03/25/10    Entered 03/25/10 17:50:33    Desc Main
Document      Page 2 of 3

below by CM/ECF on this day 25 day of March, 2010.

Chapter 13 Trustee, Curtis C. Reding
Bankruptcy Administrator, Teresa Jacobs